O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | | |
|---|---|---|
| MELBA GAUCI, | ) | Case No. CV 11-01387 ODW (JEMx) |
| Plaintiff, | ) ) | Order **GRANTING** Defendant's Motion to Dismiss Pursuant to Rule 12(b)(6) [35] [Filed 07/01/11] |
| v. | ) ) | |
| CITI MORTGAGE; TRANSUNION; EXPERIAN NCAC; INNOVIS; EQUIFAX INFORMATION SERVICES LLC; and Does 1 through 50, inclusive, and each of them, | ) ) ) ) ) ) | |
| Defendants. | ) ) | |

### I.   INTRODUCTION

Currently before the Court is Defendant, TransUnion's ("TransUnion"), July 1, 2011 Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6).[1] (Dkt. No. 35.) Plaintiff, Melba Gauci ("Plaintiff"), filed an Opposition on July 17, 2011, to which Defendant filed a Reply on July 22, 2011. (Dkt. Nos. 38, 39.) Having considered the papers filed in support of and in opposition to the instant Motion, the Court deems the matter appropriate for decision without oral argument. *See* Fed. R. Civ. P. 78; L.R. 7-15. For the following reasons, the Defendant's Motion is **GRANTED**.

---

[1] Defendants Experian NCAC, Innovis, and Equifax Information Services LLC (collectively with TransUnion, the "Credit Agencies" or "Defendants") did not join in the instant Motion. Consequently, any claims against these Defendants survive.

## II. BACKGROUND

This case arises out of a mortgage loan obtained by Plaintiff from Citi Mortgage ("Citi"), which was secured by property located at 301 South Weymouth Avenue, San Pedro, California 90732 (the "Subject Property"). (Compl. ¶¶ 14, 15.) Plaintiff alleges that she began making monthly payments on the mortgage loan in November 2008 and never made a payment late. (Compl. ¶ 17.) In April 2009, however, Citi allegedly contacted Plaintiff and informed her that her mortgage payments were in arrears. (Compl. ¶ 18.) As a result of the alleged missed payments, the Credit Agencies lowered Plaintiff's credit rating. (Compl. ¶ 28.) Plaintiff alleges that the Credit Agencies failed to properly investigate her credit history before lowering her score and, subsequently, failed to alter her credit rating after Plaintiff allegedly provided them with additional information. (Compl. ¶¶ 26, 27.) This prompted plaintiff to file a complaint on December 16, 2010 in Los Angeles County Superior Court, asserting three causes of action for: (1) violation of the Fair Credit Reporting Act ("FCRA"); (2) negligence; and (3) declaratory relief. (Compl.) On February 15, 2011, Defendants removed the action to this Court and now move to dismiss Plaintiff's last two claims. (Dkt. Nos. 1, 35.)

## III. LEGAL STANDARD

"To survive a motion to dismiss for failure to state a claim under Rule 12(b)(6), a complaint generally must satisfy only the minimal notice pleading requirements of Rule 8(a)(2)." *Porter v. Jones*, 319 F.3d 483, 494 (9th Cir. 2003). Rule 8(a)(2) requires "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). For a complaint to sufficiently state a claim, its "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Mere "labels and conclusions" or a "formulaic recitation of the elements of a cause of action will not do." *Id*. Rather, to overcome a 12(b)(6) motion, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) (internal quotations omitted). "The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has

acted unlawfully. Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement of relief." *Id.* (citation and quotations omitted).

When considering a 12(b)(6) motion, a court is generally limited to considering materials within the pleadings and must construe "[a]ll factual allegations set forth in the complaint . . . as true and . . . in the light most favorable to [the plaintiff]." *See Lee v. City of Los Angeles*, 250 F.3d 668, 688 (9th Cir. 2001) (citing *Epstein v. Washington Energy Co.*, 83 F.3d 1136, 1140 (9th Cir. 1996)). A court is not, however, "required to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001). Thus, the Ninth Circuit has summarized the governing standard, in light of *Twombly* and *Iqbal*, as follows: "In sum, for a complaint to survive a motion to dismiss, the non-conclusory factual content, and inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief." *Moss v. U.S. Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009) (internal quotation marks omitted).

## IV. DISCUSSION

TransUnion brings the instant Motion to Dismiss on the ground that Plaintiff's second claim for common law negligence and Plaintiff's third claim for declaratory relief are preempted by the FCRA. The Court addresses each in turn.

### A. PLAINTIFF'S COMMON LAW NEGLIGENCE CLAIM

TransUnion argues that Plaintiff's common law negligence claim is preempted because 15 U.S.C. § 1681h(e) ("§ 1681h(e)") and 15 U.S.C. § 1681o ("§ 1681o") permit negligence claims against credit reporting agencies only if Plaintiff alleges "malice or willful intent," which she fails to do. Indeed, TransUnion concedes that Plaintiff is entitled to a negligence claim under the FCRA, but maintains that Plaintiff's common law negligence claim is barred. (Reply at 1.) The Court agrees.

While § 1681o confers upon a private party the right to bring a negligence claim against credit reporting agencies that breach the FCRA, §1681h(e) provides that "no consumer may bring any action or proceeding in the nature of defamation, invasion

privacy, or negligence with respect to the reporting of information to a consumer reporting agency . . . except as to false information furnished with malice or willful intent to injure such consumer." Thus, to sustain a claim for common law negligence against TransUnion, Plaintiff must allege "malice or willful intent to injure." *See Abouelhassan v. Chase Bank*, No. C 07-03951 JF (PVT), 2007 WL 3010421, at *4 (N.D. Cal. Oct. 12, 2007). Here, Plaintiff merely asserts that Defendants "failed to use reasonable care in investigating," and "failed to properly reinvestigate" Plaintiff's consumer credit upon receipt of additional information from Plaintiff. (Compl. ¶¶26-27.) This falls short of the requisite malice or willful intent. Therefore, Plaintiff's common law negligence claim is **DISMISSED with leave to amend**.

### B. PLAINTIFF'S CLAIM FOR DECLARATORY RELIEF

TransUnion argues that Plaintiff's third claim should be dismissed because equitable relief is not a remedy available to private parties under the FCRA. (Mot. at 4-5.) The Court agrees with TransUnion. District courts in the Ninth Circuit agree that a private party may not obtain injunctive relief under the FCRA. *See Howard v. Blue Ridge Bank*, 371 F. Supp. 2d 1139, 1145 (N.D. Cal. 2005) ("[T]he express inclusion of injunctive relief in certain provisions of the FCRA and its omissions from the provisions creating plaintiff's cause of action [is] a sufficiently 'clear command' from Congress that injunctive relief is not available to plaintiff."); *Yeagley v. Wells Fargo & Co.*, No. C 05-03403 CRB, 2006 WL 193257, at *2 (N.D. Cal. Jan. 13, 2006); *White v. E-Loan, Inc.*, 409 F. Supp. 2d 1183, 1187 n.6 (N.D. Cal. 2006); *Parthiban v. GMAC Morg. Corp.*, No. SA CV 05-768 DOC (MLGx), 2006 U.S. Dist. LEXIS 38433, at *25 (C.D. Cal. Mar. 1, 2006); *Fisher v Fin. Am., LLC*, No. SACV 05-0888 CJC (RNBx), 2006 U.S. Dist. LEXIS 36473, at *27-28 (C.D. Cal. Jan. 23, 2006). Despite Plaintiff's suggestion to the contrary, (Opp'n at 4), the Court finds no reason to deviate from the consensus that has been reached on this issue. Accordingly, Plaintiff's third claim for declaratory relief is **DISMISSED with prejudice.**

## V. CONCLUSION

Based on the foregoing, the Court **GRANTS** Defendant's Motion to Dismiss. Plaintiff's claim for common law negligence is **DISMISSED with leave to amend**. If Plaintiff can, in good faith, allege facts to support any contention of "malice" or "willful intent" on the part of TransUnion, she may file an amended complaint within twenty (20) days from the date of this Order. Because any amendment to Plaintiff's third claim for declaratory relief would prove futile, this claim is **DISMISSED with prejudice**.

**IT IS SO ORDERED.**

August 19, 2011

_____
HON. OTIS D. WRIGHT, II
UNITED STATES DISTRICT JUDGE