**MUSICK, PEELER & GARRETT LLP**
ATTORNEYS AT LAW
650 TOWN CENTER DRIVE, SUITE 1200
COSTA MESA, CALIFORNIA 92626-1925
TELEPHONE: 714-668-2447
FACSIMILE 714-668-2490

Donald E. Bradley (State Bar No. 145037)
  d.bradley@mpglaw.com

Attorneys for Defendant TRANS UNION LLC

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| MELBA GAUCI, | CASE No. 2:11-cv-01387 ODW (JEMx) |
| Plaintiff, | The Hon. Otis D. Wright, II, Crtrm. 11 |
| vs. | **[PROPOSED] ORDER GRANTING DEFENDANTS' MOTION FOR PROTECTIVE ORDER** |
| CITI MORTGAGE; TRANSUNION; EXPERIAN NCAC; INNOVIS; EQUIFAX INFORMATION SERVICES LLC; and DOES 1 through 50, inclusive, and each of them, | Date:  October 18, 2011<br>Time:  10:00 am<br>Crtrm.: C |
| Defendants. | Trial Date:   None Set |

Considering the foregoing Motion:

IT IS ORDERED that the Defendants' Motion for Protective Order is hereby GRANTED and that following Protective Order is ENTERED in its entirety.

755724.1

# PROTECTIVE ORDER

1. This Order shall govern the use, handling and disclosure of all documents, testimony or information produced or given in this action which are designated to be subject to this Order in accordance with the terms hereof.

2. DESIGNATING PROTECTED MATERIAL

2.1 DOCUMENTS: Any party or non-party producing or filing documents or other materials in this action may designate such materials and the information contained therein subject to this Order by typing or stamping on te front of the document "Confidential," or "Contains a Confidential Portion(s)" on the front of the document and at the discrete confidential portion(s) contained within when only a portion of portions of the document are confidential. If a party or non-party produces a documents that another party believes should be CONFIDENTIAL, the proponent of the CONFIDENTIAL status shall notify all parties. The proponent of the CONFIDENTIAL status shall notify all parties. The proponent may also reproduce the documents with the appropriate stamp and request all parties to destroy the prior production that was not designated CONFIDENTIAL.

2.2 TESTIMONY AND DOCUMENTS PRESENTED DURING TESTIMONY: During the time that information or documents designated as "CONFIDENTIAL" are disclosed in a deposition or hearing, appropriate sections of deposition or hearing transcripts may be designated "CONFIDENTIAL" by any person stating on the record their intention to so designate the transcript or, within ten (10) business days of the publication of the final version of the transcript, notifying each party and non-party signatory in writing of the pages and lines so designated. If a person provides notification of an intent to designate portions of the transcript as "CONFIDENTIAL," all persons shall treat as "CONFIDENTIAL" the entirety of each transcript, including exhibits attached thereto, for ten (10)

business days after final publication of the transcript.

2.3 <u>OTHER EVIDENCE: For information produced in some form other than documentary and for any other tangible items</u>, a Party may affix in a prominent place on the exterior of the container or containers in which the information or item is stored the legend "CONFIDENTIAL." If only a portion or portions of the information or item warrant protection, the Party, to the extent practicable, shall identify the protected portion(s).

3. The parties have agreed that inadvertent production of documents or information subject to the attorney-client privilege or work-product immunity (despite the parties' reasonable efforts to prescreen such documents and information prior to production) does not waive the attorney-client privilege or work-product immunity if a request for return of such documents or information is made within five (5) business days after the producing person learns of its inadvertent production. The receiving person shall return such documents or information subject to protection under the attorney-client privilege or work-product immunity within ten (10) business days of the written notice from the producing person.

4. To the extent any motions, briefs, pleadings, deposition transcripts, or other papers to be filed with the Court incorporate documents or information subject to this Order, the party who intends to file such papers shall give five business days' notice to the party who designated such materials as "Confidential," so that the designating party has the opportunity to file the application required pursuant to Central District Local Rule 79-5.1 for such papers to be filed under seal. The filing party shall cooperate with the designating party to allow the application to be filed along with the Confidential documents or information.

5. During the time that information or documents designated as "CONFIDENTIAL" are disclosed in a deposition or hearing, appropriate sections of deposition or hearing transcripts may be designated "CONFIDENTIAL" by any person stating on the record their intention to so designate the transcript and, within

ten (10) business days of the publication of the final version of the transcript, notifying each party and non-party signatory in writing of the pages and lines so designated. All persons shall treat as "CONFIDENTIAL" or the entirety of each transcript containing a notification of intent to designate portions of the transcript as "CONFIDENTIAL" for ten (10) business days.

6. All documents, transcripts, or other materials subject to this Order, and all information derived therefrom (including, but not limited to, all testimony, deposition, or otherwise, that refers, reflects or otherwise discusses any information designated Confidential hereunder), shall not be used, directly or indirectly, by any person, including the other defendants, for any business, commercial or competitive purposes or for any purpose whatsoever other than solely for the preparation and trial of this action in accordance with the provisions of this Order.

7. Except with the prior written consent of the individual or entity asserting confidential treatment, or pursuant to prior Order after notice, any document, transcript or pleading given confidential treatment under this Order, and any information contained in, or derived from any such materials (including but not limited to, all deposition testimony that refers, reflects or otherwise discusses any information designated confidential hereunder) may not be disclosed other than in accordance with this Order and may not be disclosed to any person other than: (a) the Court and its officers; (b) parties to this litigation; (c) counsel for the parties, whether retained counsel or in-house counsel and employees of counsel assigned to assist such counsel in the preparation of this litigation; (d) fact witnesses subject to a proffer to the Court or a stipulation of the parties that such witnesses need to know such information; and (e) present or former employees of the producing party in connection with their depositions in this action (provided that no former employees shall be shown documents prepared after the date of his or her departure); and (f) Experts specially retained as consultants or expert witnesses in connection with this litigation.

8. Documents produced pursuant to this Order shall not be made available to any person designated in Subparagraph 7(f) unless he or she shall have first read this Order, agreed to be bound by its terms, and signed the attached Declaration of Compliance.

9. All persons receiving any or all documents produced pursuant to this Order shall be advised of their confidential nature by the Party providing the confidential materials. All persons to whom confidential information and/or documents are disclosed are hereby enjoined from disclosing same to any other person except as provided herein, and are further enjoined from using same except in the preparation for and trial of the above-captioned action between the named parties thereto. No person receiving or reviewing such confidential documents, information or transcript shall disseminate or disclose them to any person other than those described above in Paragraph 7 and for the purposes specified, and in no event shall such person make any other use of such document or transcript.

10. Nothing in this Order shall prevent a party from using at trial any information or materials designated "Confidential."

11. This Order has been agreed to by the parties to facilitate discovery and the production of relevant evidence in this action. Neither the entry of this Order, nor the designation of any information, document, or the like as "CONFIDENTIAL," nor the failure to make such designation, shall constitute evidence with respect to any issue in this action.

12. Within sixty (60) days after the final termination of this litigation, all documents, transcripts, or other materials afforded confidential treatment pursuant to this Order, including any extracts, summaries or compilations taken therefrom, but excluding any materials which in the good faith judgment of counsel are work product materials, shall be destroyed or returned to the individual or entity having produced or furnished same. The requirement to return confidential documents to the designating party does not include any documents in the Court's possession, but

does include copies of such documents in any party's possession.

13.   In the event that any party to this litigation disagrees at any point in these proceedings with any designation made under this Protective Order, the parties shall follow the procedures set forth in Central District Local Rule 37.  During the pendency of any challenge to the designation of a document or information, the designated document or information shall be continue to be treated as "Confidential" subject to the provisions of this Protective Order.

14.   Nothing herein shall affect or restrict the rights of any party with respect to its own documents or to the information obtained or developed independently of documents, transcripts and materials afforded confidential treatment pursuant to this Order.

15.   Breach of this Stipulated Protective Order during the pendency of the instant lawsuit:  A determination that a Party is in breach of any aspect of this Stipulated Protective Order during the pendency of the instant lawsuit shall be made only by the Honorable Otis D. Wright, federal judge in the United States District Court, Central District of California, pursuant to a noticed motion seeking appropriate sanctions for breach of the Stipulated Protective Order or, if a noticed motion cannot be brought, pursuant to a permissible ex parte application for an order shortening time to hear such motion.  Prior to any such judicial determination of a breach, the Party alleging such a breach shall give the other Party notice of the alleged breach, including the substance of the breach, the date and place of the breach, and all competent witnesses who can testify to the breach so that such witnesses may be deposed.

16.   Breach of this Stipulated Protective Order after conclusion of the instant lawsuit:  A determination that a Party is in breach of any aspect of this Stipulated Protective Order after resolution of the instant lawsuit shall be made only by a Court of the United States District Court, Central District of California, pursuant to a noticed motion seeking appropriate sanctions for breach of the

Stipulated Protective Order or, if a noticed motion cannot be brought, pursuant to a permissible ex parte application for an order shortening time to hear such motion. Prior to any such judicial determination of a breach, the Party alleging such a breach shall give the other Party notice of the alleged breach, including the substance of the breach, the date and place of the breach, and all competent witnesses who can testify to the breach so that such witnesses may be deposed.

## GOOD CAUSE STATEMENT

17. The Parties seek confidential protection for all documents, testimony, transcripts or other materials in this action produced by any party or non-party and the information contained therein. The documents to be produced by defendants Experian, Equifax, Trans Union and Innovis Data Solutions, Inc. may contain critical information regarding their computer systems involved in credit reporting, or other confidential, proprietary and/or sensitive business information. These defendants' credit-reporting businesses rely on the use of their computer hardware and software and on the confidentiality of certain of their business information. Equifax, Experian, Trans Union and Innovis Data Solutions, Inc. have each worked hard and incurred great cost to update their computer hardware and software to create the best possible credit-reporting system, and to protect the confidentiality of their business information.

18. Specifically, and without limitation to the rights of any party to protect the confidentiality of their own information, Experian seeks confidential protection for documents titled Transaction Log; Disclosure Log; D/R Log; and Admin Report. Each of these documents contains critical information regarding Experian's computer systems involved in credit reporting. Innovis Data Solutions, Inc. seeks confidential protection for its Computer Assistance System Log materials, including notes.

19. Additionally, and again without limitation to the rights of any party to protect the confidentiality of their own information, in order to operate national

credit reporting services, defendants, Equifax, Experian, Trans Union and Innovis Data Solutions, Inc., had to design its unique computer systems to process information received from tens of thousands of diverse lenders and other entities involved in the credit industry, from the public record and from other sources. Extremely sophisticated and unique computer software design was necessary to allow these defendants to process that information in the form of credit reports as accurately as possible when a customer applies for credit. Defendants Equifax, Experian, Trans Union, and Innovis Data Solutions, Inc. have each spent hundreds of millions of dollars and countless hours of employee time developing their unique and sophisticated computer systems.

20.    The sophistication of Equifax's, Experian's, Trans Union's and Innovis Data Solutions, Inc.'s computer systems are major advantages for each in the marketplace. Were information about their highly sophisticated computer systems or other confidential business information to get into the hands of its competitors, it would enable the competitors to enhance their own systems and, in so doing, remove the marketing edge currently enjoyed by them. Similarly, were information about their design and workings to get into the hands of a would-be competitor, it would greatly facilitate that would-be competitor's efforts to develop its own sophisticated computer system. Each of these would have a serious financial impact on Equifax, Experian, Trans Union and Innovis Data Solutions, Inc.. Were this same type of information to get into criminal hands, it would facilitate the efforts of those who seek to improperly access these defendants' files on consumers and perpetrate identity fraud. It would also facilitate the efforts of those who seek to make changes to information in consumers' files. In addition to impairing the privacy of consumers, such actions could lead to a loss of confidence in defendants, Equifax, Experian, Trans Union and Innovis Data Solutions, Inc. This loss of confidence, critical in the credit reporting business, could put Experian, Equifax Trans Union and Innovis Data Solutions, Inc. out of business.

21. Furthermore, Plaintiff and Defendants will be disclosing Plaintiff's sensitive personal information including medical and financial records, and confidential information of other individuals may also be disclosed. It is extremely important that this information remain protected and not be made available to anyone other than those listed in Paragraph 7 during the good faith conduct of the instant litigation and, afterward, that it be made available to no one. Maintenance and protection of Plaintiff's and other individuals' privacy is of utmost importance for reasons including, but not limited to, preempting identity theft and exposure to other types of criminal activity. Plaintiff in her Complaint is alleging damage done to her when her credit record was in the hands of credit professionals. The potential damage to be wrought by anyone else is incalculable. Therefore all of Plaintiff's medical and financial records – including but not limited to income tax returns, bank statements, doctors' reports, medical billings, and medical insurance records – shall be deemed "CONFIDENTIAL." Defendants shall coordinate with Plaintiff to ensure Plaintiff's medical and financial records obtained by defendants directly from sources other than the Plaintiff and her legal representatives including, but not limited to, the IRS, banks and other financial institutions, health-care providers, health insurance providers, are marked "CONFIDENTIAL" and treated in accordance with this Order.

22. All parties executing the stipulation for entry of this Protective Order shall produce/respond to all discovery propounded whose response/production have been withheld during the pendency of the execution of this stipulated order. Such supplemental responses/production shall be served by no later than 21 days after the entry of the Protective Order by the Court.

IT IS SO ORDERED.

Dated:  September 27, 2011                /s/John E. McDermott_____
                                          Hon. John E. McDermott
                                          United States Magistrate Judge

# DECLARATION OF COMPLIANCE

I, _____, declare as follows:

1. My address is _____.

2. My present employer is _____.

3. My present occupation or job description is _____.

4. I have received a copy of the Stipulated Protective Order entered in this action on _____, 20__.

5. I have carefully read and understand the provisions of this Stipulated Protective Order.

6. I will comply with all provisions of this Stipulated Protective Order.

7. I will hold in confidence, and will not disclose to anyone not qualified under the Stipulated Protective Order, any information, documents or other materials produced subject to this Stipulated Protective Order.

8. I will use such information, documents or other materials produced subject to this Stipulated Protective Order only for purposes of this present action.

9. Upon termination of this action, or upon request, I will return and deliver all information, documents or other materials produced subject to this Stipulated Protective Order, and all documents or things which I have prepared relating thereto, which documents are the subject of the Stipulated Protective Order, to my counsel in this action, or to counsel for the party by whom I am employed or retained or from whom I received the documents.

///
///
///

10. I hereby submit to the jurisdiction of this Court for the purposes of enforcing the Stipulated Protective Order in this action.

I declare under penalty of perjury under the laws of the United States that the following is true and correct.

Executed this ___ day of _____, 20__ at _____.

_____
QUALIFIED PERSON